USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-2238

 UNITED STATES,

 Appellee,

 v.

 KELLY JANE RANKIN, A/K/A KELLY JANE JORDAN RANKIN,
 A/K/A JORDAN RANKIN-WOLFF,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

 ____________________

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 ____________________

 Alexander Zeno on brief for appellant.
 Guillermo Gil, United States Attorney, Timothy L. Faerber, Assistant
United States Attorney, and Jose A. Quiles, Senior Litigation Counsel,
on brief for appellee.

 ____________________

 March 17, 1998
 ____________________

 Per Curiam. Defendant Kelly Jane Rankin pleaded
 guilty to charges that she and her codefendants conspired to
 use the mails and wires to engage in a scheme to defraud
 various persons by telling them that money they handed over to
 the defendants would be invested in such a way as to produce
 high returns; instead, the defendants kept the money for
 themselves. Defendant now argues that her guilty plea should
 be set aside and that her attorney provided ineffective
 assistance of counsel. We reject the first argument on the
 merits and find that the second claim must be raised in a
 motion under 28 U.S.C. 2255. 
 1. The Guilty Plea
 Defendant contends on appeal that the district court
 abused its discretion in denying her motion to withdraw her
 guilty plea. However, on July 28, 1997, defendant filed,
 through counsel, a motion to withdraw the motion to change her
 plea. The district court essentially allowed this motion when
 it endorsed the motion to change the plea as "withdrawn." 
 Although both parties to this appeal inexplicably fail to
 mention the withdrawal of the motion to change the guilty plea,
 we think it is dispositive. That is, because defendant
 withdrew her motion to change her guilty plea and because the
 district court therefore never ruled on the motion's merits,
 the motion simply is not before this court.
 We may nonetheless review the guilty plea itself to
 determine whether the plea was deficient. See United States v.
 Parra-Ibanez, 936 F.2d 588, 593-94 (1st Cir. 1991). 
 Defendant's first contention is that her plea was not voluntary
 and knowing because the district court never sufficiently
 informed her of the nature of the charges against her. SeeFed. R. Crim. P. 11(c)(1). Specifically, defendant contends
 that the lower court never told her that to be found guilty on
 the conspiracy count, the government would need to prove that
 she intended to join the conspiracy, something, defendant
 avers, that she always has denied. We see no merit to this
 contention.
 Here, count one of the indictment charged that
 defendants "knowingly, willfully, unlawfully, and intentionallycombine[d], conspire[d] . . . and agree[d] together and with
 each other" to devise a scheme to obtain money by means of
 false pretenses. Third Superseding Indictment, Count One
 (emphasis added). At the change of plea hearing, the judge
 quoted count one in its entirety and defendant confirmed that
 this was what she was pleading guilty to. Transcript of Change
 of Plea Hearing, at 5, 11-16. This is sufficient under
 Henderson v. Morgan, 426 U.S. 637 (1976). See Marshall v.
 Lonberger, 459 U.S. 422, 437-38 (1983) (relying on the trial
 judge's recitation of part of the indictment as a factor in
 concluding that defendant had received adequate notice of the
 charges against him).
 Defendant's other argument regarding the charges --
 that she never was told about the full extent of the conspiracy
 (defrauding persons of approximately $1,900,000) and never was
 informed that under the sentencing guidelines, she could be
 ordered to pay as much as $1,900,000 in restitution -- also
 fails. First, defendant has not been prejudiced because no
 restitution has been ordered. In any event, the district court
 judge specifically informed defendant that she could be fined
 as much as $3,500,000. Transcript of Change of Plea Hearing,
 at 8-10. Thus, any error was harmless. See United States v.
 Raineri, 42 F.3d 36, 42 (1st Cir. 1994) (where a defendant is
 required to pay restitution in an amount less than the
 potential fine of which he was warned, the failure to inform
 the defendant at the change of plea hearing that restitution is
 a possibility is harmless error).
 Defendant next contends that the district court
 failed to comply with Rule 11(f) because it did not ensure that
 there was a factual basis for the guilty plea. However, a
 review of the change of plea hearing reveals that the
 prosecutor set out the evidence it would prove if the case went
 to trial, including specific acts of fraud in which defendant
 had engaged and evidence concerning her knowledge of the
 fraudulent scheme. See Transcript of Change of Plea Hearing,
 at 20-25. Courts have held that the prosecutor's statement of
 facts on the record can satisfy the requirement of a factual
 basis for the plea. See, e.g., United States v. Ray, 828 F.2d
 399, 405-06 (7th Cir. 1987).
 Relying on United States v. Parra-Ibanez, supra, 936
 F.2d 588, defendant also argues that once the district court
 judge learned that she was taking Phenergan with codeine, he
 should have conducted a "further inquiry" into her ability to
 comprehend what was transpiring at the change of plea hearing. 
 In support of this contention, defendant submits an excerpt
 from the Physicians' Desk Reference (PDR) concerning Phenergan
 with codeine. The PDR states that this drug "may cause marked
 drowsiness or impair the mental and/or physical abilities
 required for the performance of potentially hazardous tasks,
 such as driving a vehicle or operating machinery." The PDR
 also states that promethazine, the active ingredient in
 Phenergan, can cause "[s]edation, sleepiness [and] dizziness;
 rarely confusion [and] disorientation."
 However, unlike the district court judge in Parra-
 Ibanez, the judge here did ask defendant what effect the
 medicine had on her mental processes. She responded that she
 was "fairly coherent." Transcript of Change of Plea Hearing,
 at 5. From this answer, the district court judge was justified
 in concluding that she was coherent enough to proceed. SeeWebster's Ninth New Collegiate Dictionary 445 (1985) (defining
 "fairly" as "to a full degree or extent" or "for the most
 part").
 Further, after hearing that she was fairly coherent,
 the judge then asked defendant what she was doing at the
 hearing. Transcript of Change of Plea Hearing, at 5. 
 Defendant answered that she was pleading guilty. Id. This
 kind of open-ended question is an additional way to test a
 defendant's mental alertness. Finally, the information in the
 PDR suggests that while sedation can occur with the drug
 defendant was using, confusion "rarely" occurs and a person's
 mental abilities might be compromised only to the extent of
 having difficulty operating hazardous machinery. The PDR does
 not warn that a person's abilities to comprehend and reason may
 be affected by codeine and promethazine.
 Defendant's final objection to the plea hearing is
 without merit. Specifically, she points out that most of the
 judge's questions were leading; that is, she was required to
 give only "yes" or "no" answers to the questions. However,
 defendant fails to specify any particular point of confusion or
 error. Further, the charges were not complex and, as we
 indicated above, defendant had the capacity to understand what
 was transpiring at the plea hearing. Thus, this case is
 controlled by United States v. Isom, 85 F.3d 831 (1st Cir.
 1996), and the use of leading questions was proper.
 
 2. Ineffective Assistance of Counsel.
 Defendant also argues that her guilty plea should be
 vacated due to the ineffective assistance of her trial
 attorney. However, unlike the question of the validity of the
 guilty plea itself, which could be resolved on the basis of the
 district court record, resolution of this issue requires
 further factual development. Thus, a collateral proceeding
 under 28 U.S.C. 2255 is the proper forum for this claim. SeeUnited States v. Marrero-Rivera, 124 F.3d 342, 353 (1st Cir.
 1997) (a claim of ineffective assistance of counsel should be
 brought in a 2255 motion if the record is insufficiently
 developed for direct review).
 The judgment of the district court is summarilyaffirmed. See Local Rule 27.1.